S06Y1746. IN THE MATTER OF ROBERT CULPEPPER III.
(635 SE2d 756)

PER CURIAM.

After this Court referred this disciplinary matter back to the State Bar of Georgia in order to allow Respondent Robert Culpepper III the opportunity to defend himself against the allegations made in State Disciplinary Board ("SDB") No. 4792, the action was consolidated with an additional disciplinary matter (SDB No. 4708) that had been filed against Culpepper. The consolidated matter was considered by a special master who recommends that Culpepper be disbarred for his violations of Standards 4, 22, 44, 63, and 65 of the Standards of Conduct, and Rules 1.3, 1.4, 1.15, and 1.16 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).[1] We agree.

With regard to SDB No. 4792 the record shows that Culpepper was hired to probate a will. In 1997 he filed a petition to have his client discharged as executor of the estate and submitted a Final Distribution showing a total distribution to heirs and expenses of the estate in the amount of $10,236.51. Shortly thereafter, Culpepper was discharged and his client hired new counsel. Culpepper nevertheless requested, obtained and deposited into his trust account a check from his client in the amount of the final distribution, but Culpepper never disbursed the funds nor provided an accounting. The client's new

---

[1] Two sets of disciplinary rules are involved due to the fact that Culpepper's violations regarding one of his clients occurred both before and after January 1, 2001 which was the effective date for new Bar Rules which replaced the former Georgia Standards of Conduct with the new Georgia Rules of Professional Conduct.

counsel sent two letters to Culpepper concerning the funds but Culpepper failed to respond. Although Culpepper has attempted to explain his actions, we agree with the special master that Culpepper violated Standards 4, 22, 44, 63 and 65 of the Standards of Conduct, and Rules 1.3, 1.4, 1.15 and 1.16 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for these violations is disbarment.

With regard to SDB No. 4708, the record shows that in April 2002, a client paid Culpepper $1,000 to represent him in a child support matter; that after filing one pleading Culpepper did no further work in the client's matter; that Culpepper failed to communicate with the client (despite the client's repeated efforts to contact Culpepper); that Culpepper failed to return the unearned fee or the file to the client; that the client dismissed his case in April 2003; and that the client officially terminated Culpepper's services in August 2003. Although it appears that Culpepper was personally served with a copy of the Formal Complaint reciting these allegations, he has offered no defense or explanation. Thus, based on these facts, we must agree with the special master that Culpepper violated Rules 1.3, 1.4 and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

In consideration of the record as a whole, we agree with the State Bar that disbarment is the appropriate sanction in this matter given the violations charged and the fact that Culpepper has received confidential discipline previously for violations of Standards 4, 22 and 44. Accordingly, the name of Robert Culpepper III hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.